DECISION AND JUDGMENT ENTRY
{¶ 1} Daniel K. appeals from a finding of delinquency by the Ottawa County Court of Common Pleas, Juvenile Division. Because we conclude that the trial court acted improperly when it did not advise Daniel of his rights under Juv. R. 29(B) before the ultimate stage of his final adjudicatory hearing began on May 29, 2002, we reverse and remand for a new final adjudicatory hearing.
 Facts {¶ 2} Daniel K. was found delinquent on July 10, 2002, of rape and attempted rape, both felonies of the first degree. He was sentenced to a total of three years commitment to the Department of Youth Services, but his commitment was stayed as long as he complied with certain court orders.
 {¶ 3} The case concluded 18 months after it began. The case did not move quickly, and nearly every party became frustrated and impatient with how it evolved. From the initial appearance on April 23, 2001 until July 10, 2002, Daniel had seven different attorneys: three were appointed, two were retained, one was his guardian ad litem, and one was actually a suspended attorney. Two judges also presided over Daniel's case during its year and a half existence. Daniel filed numerous motions. At one point, his mother tried to remove the entire prosecutor's office from the case.
 {¶ 4} Ultimately, at his April 24, 2002 hearing, Daniel informed the judge that he no longer wished to have his current court appointed counsel and that he was retaining his own attorney. The judge then informed Daniel that the May 29, 2002 trial date was firm and the trial would go forward whether or not Daniel's retained counsel was present or prepared. Daniel said he understood that the trial (the ultimate stage of his final adjudicatory hearing) would occur on the day it was scheduled.
 {¶ 5} When that day came, Daniel moved for a continuance. The motion was denied, and the ultimate stage of the final adjudicatory hearing started without the juvenile judge advising Daniel of his Juv. R. 29(B) rights. The end result was a finding of delinquency for rape and attempted rape, both felonies of the first degree.
 Assignments of Error {¶ 6} "1. Daniel K. was denied his constitutional right to counsel in violation of the Sixth Amendment and the due process clause of the United States Constitution.
 {¶ 7} "A. Daniel K. was entitled to due process.
 {¶ 8} "B. Daniel K. was entitled to the assistance of counsel.
 {¶ 9} "C. The record does not contain evidence of Daniel K.'s waiver of his right to counsel.
 {¶ 10} "D. It is inappropriate to hold Daniel K. responsible for failing to retain counsel independently.
 {¶ 11} "E. Melody K. was not empowered to waive counsel on Daniel K.'s behalf.
 {¶ 12} "F. Daniel's guardian ad litem was without a dual appointment and did not represent Daniel at the trial because of a conflict of interest.
 {¶ 13} "G. Melody K.'s convoluted role in these proceedings prejudiced Daniel K.'s interests.
 {¶ 14} "H. The court had reasonable alternatives.
 {¶ 15} "I. Daniel K. was prejudiced due to deprivation of counsel.
 {¶ 16} "2. Daniel K.'s conviction for attempted rape of Chuck Wood is against the manifest weight of the evidence."
 First Assignment of Error {¶ 17} Though not readily apparent from Daniel K.'s first assignment of error, several sub-issues were raised in his brief, which must be discussed as part of our resolution. In the eighth argument supporting his first assignment, Daniel states that the juvenile court erred by denying his motion for continuance and forcing him to proceed without his attorney. In his second argument, Daniel relies on Juv. R. 29(B) that sets forth the requirements to be met before an adjudicatory hearing commences.
 {¶ 18} Therefore, Daniel K. raises two major questions:
 {¶ 19} Was it proper for the judge to refuse the motion for continuance when Daniel's retained counsel was not present?
 {¶ 20} Was it proper for the judge to conduct the final adjudicatory hearing without advising Daniel of his rights under Juv. R. 29(B)?
 {¶ 21} The answer to the first question is yes. The answer to the second question is no. The remaining sub-arguments of Daniel's first assignment of error not specified above as well as Daniel's second assignment of error are rendered moot.
 Failure to Grant a Continuance {¶ 22} Daniel K. asserts that it was improper for the judge to deny a continuance in his case and force him to go to "trial" without the presence of his retained lawyer. This assertion is wrong.
 {¶ 23} A judge in a juvenile court proceeding has the power to keep the docket from becoming stagnant. This power comes from Juv. R. 23, which provides, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." It is inconsequential, therefore, that the judge used R.C. 4705.01 to deny the motion because inherent power existed to refuse the continuance under Juv. R. 23. Furthermore, the judge's decision to not grant a continuance is reviewed under the abuse of discretion standard. In re: Byron Hart, 2nd Dist. No. 18801, 2002-Ohio-1198.
 {¶ 24} Recently, when the Second District Court of Appeals was faced with interpreting Juv. R. 23, it ruled that "Juvenile Rule 23 sets forth the standard for granting continuances during juvenile proceedings providing that: `continuances shall be granted only when imperative to secure fair treatment for the parties.' The decision to grant or deny a motion for continuance lies within the sound discretion of the trial court and cannot be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable. State v. Christon (1990),68 Ohio App.3d 471, 589 N.E.2d 53 (citing State v. Unger (1981),
 {¶ 25} 67 Ohio St.2d 65, 67, 423 N.E.2d 1078). To reverse on the basis that the court has abused its discretion, a reviewing court must be convinced that the lower court engaged in a course of conduct or assumed an attitude that was either arbitrary, capricious or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 26} "In deciding a motion for continuance the trial court may consider the following factors: (1) the length of delay requested; (2) the number of continuances already requested; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the defendant contributed to the circumstance giving rise to the request for a continuance; and other relevant factors depending on the facts of the case. State v. Landrum (1990), 53 Ohio St.3d 107, 115, 559 N.E.2d 710." Id.
 {¶ 27} Here, applying the Second District Court of Appeals' standard, it is apparent that the judge in Daniel's case did not abuse his discretion when he denied the motion for continuance. First, the length of delay requested was open-ended in a case that had been on the juvenile court's docket for almost a year and a half. Second, there were other continuances already requested and granted. Third, the inconvenience to participants was more than minimal. The state of Ohio would be forced to subpoena its witnesses again, two of whom were minors who would have to miss school, and the assigned visiting judge would have to travel again from Lorain County to Ottawa County. Fourth, the defendant contributed to the need for the request, having had at least a month to inform retained counsel of the date of his final adjudicatory hearing. The case also had been delayed because Daniel and his mother had changed lawyers four times between his first and last adjudicatory hearings.
 {¶ 28} The Third District Court of Appeals has determined that denial of a motion for continuance was appropriate under similar circumstances. In re Bolden (1973), 37 Ohio App.2d 7, 14. Bolden and his parents had retained counsel, and several continuances were granted to allow them opportunity to obtain another attorney. The appellate court found that, while the juvenile and his parents claimed difficulty in finding another lawyer, the record did not indicate that counsel could not have been obtained if due diligence had been exercised and the parents had been willing to enter into reasonable contractual arrangements for counsel's services. The Bolden Court noted that "[t]he law does not require continuances to be granted and trials postponed indefinitely until counsel is obtained. The record reveals that the parties were given a reasonable opportunity to obtain same and we find no error of the trial court in not granting a continuance and in proceeding with the trial under these circumstances." Id.
 {¶ 29} Daniel and his family also had more than an ample opportunity to contact retained counsel to be present at the final adjudicatory hearing. He had his own attorney for motion assistance at earlier adjudicatory hearings, at the dispositional hearing, and on appeal.
 {¶ 30} Other appellate courts have ruled differently when the alleged delinquent child was solely left to his or her own devices to hire counsel and the parent did not assist in that effort. In the Matterof Stephen Johnston (2001), 142 Ohio App.3d 314, 316-319. That holding differs from the situation here because the court was informed that Daniel had retained counsel at the hearing held over a month before the final adjudicatory hearing.
 {¶ 31} Therefore, Daniel's argument, that in failing to grant a continuance and forcing him to proceed to "trial" that day, the court violated his due process rights, is found not well-taken.
 Failure to Advise of Juv. R. 29(B) Rights {¶ 32} At the outset of an adjudicatory hearing, which Juv. R. 2(B) defines as "a hearing to determine whether a child is a juvenile traffic offender, delinquent, unruly, abused, neglected, or dependent or otherwise within the jurisdiction of the court," the magistrate or the judge must advise the alleged delinquent child of his rights under Juv. R. 29(B).[1] Daniel, at his May 29, 2002 adjudicatory hearing, was not advised of these rights before the ultimate stage of his final adjudicatory hearing. This omission causes us to reverse Daniel's finding of delinquency and remand his case to the Ottawa County Court of Common Pleas, Juvenile Division, for advisement of his rights under Juv. R. 29(B) before the ultimate stage of his final adjudicatory hearing begins.
 {¶ 33} The threshold standard to determine if an alleged delinquent child received his or her due process rights before the ultimate stage of the final adjudicatory hearing occurs is whether the presiding official substantially complied with the advisement of rights required under Juv. R. 29(B). In re William H. (1995), 105 Ohio App.3d 761,766; In the Matter of Bennette H. (Oct. 31, 1997), Lucas App. No. L-97-1013; In the Matter of Matthew A. (Oct. 8, 1999), Ottawa App. No. OT-99-034.
 {¶ 34} If the presiding official at the ultimate stage of the final adjudicatory hearing does not advise the alleged delinquent child about his or her Juv. R. 29(B) rights at all, the reversal is automatic.In the Matter of Matthew A. (Oct. 8, 1999), Ottawa App. No. OT-99-034; Inthe Matter of Stephen Keck (Mar. 31, 1987), Sandusky App. No. S-86-37; Inthe Matter of Carol, Ann Clemens (Feb. 3, 1984), Erie App. No. E-83-17. A reversal is also mandated when the presiding official misinforms the alleged delinquent child of his or her Juv. R. 29(B) rights. In the Matterof Faith E. Kahan (Oct. 22, 1982), Lucas App. No. L-82-170. But when the presiding official is vigilant in advising the alleged delinquent child of his or her rights, even if Juv. R. 29(B) is not recounted verbatim, the finding of delinquency will be affirmed. In re: Antoine C. (Sep. 29, 2000), Lucas App. No. L-99-1389; In re: Kenneth R. (Dec. 4, 1998), Lucas App. No. L-97-1435.
 {¶ 35} In this matter, the judge at the ultimate stage of the final adjudicatory hearing did not advise Daniel of any of his rights under Juv. R. 29(B). Preliminary remarks were made at the start of the adjudicatory hearing: a ruling that Daniel's motion for continuance was denied, a statement that the "trial" would be proceeding that day even though Daniel's lawyer was absent, and an explanation that the guardian ad litem that he appointed for Daniel was only his guardian ad litem not his attorney. The judge then stated, "Okay. Anything else of a preliminary nature? Prosecutor, opening statement, please."
 {¶ 36} In the face of these facts, much like those of In theMatter of Matthew A., supra, a reversal is mandated. Substantial compliance with advisement of rights under Juv. R. 29(B) must occur before the ultimate stage of the final adjudicatory hearing starts in earnest. Therefore, Daniel K.'s first assignment of error, as specified above, is found well-taken as it relates to compliance with Juv. R. 29(B).
 {¶ 37} Therefore, the juvenile court acted properly when it denied Daniel K.'s motion for continuance and commanded that the ultimate stage of the final adjudicatory hearing go forward without the presence of a retained lawyer. The juvenile court acted improperly, however, when it did not substantially comply with Juv. R. 29(B) and advise Daniel of his rights before the ultimate stage of his final adjudicatory hearing started. As a result, appellant's first assignment of error is found well-taken in part and not well-taken in part.
Second Assignment of Error
 {¶ 38} Daniel K.'s second assignment of error that his conviction, as it related to Chuck W., was against the manifest weight of the evidence is rendered moot in light of our foregoing analysis as to the first assignment of error.
 {¶ 39} On consideration whereof, we find that a substantial injustice was done to Daniel K., and the finding of delinquency by the Ottawa County Court of Common Pleas, Juvenile Division, is affirmed in part, reversed in part, and remanded to the juvenile court for further proceedings consistent with this decision. Appellant and appellee will equally share the court costs of this appeal.
JUDGMENT AFFIRMED IN PART, AND REVERSED IN PART.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.
[1] Juv. R. 29(B) provides,
"(B) Advisement and findings at the commencement of the hearing.
"At the beginning of the hearing, the court shall do all of the following:
"(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
"(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
"(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
"(4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;
"(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."